UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE F. CLEVELAND,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

No. C 10-0592 CRB (PR)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad (CTF), seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary finding that resulted in the forfeiture of 30 days of time credit. For the reasons set forth below, a writ of habeas corpus will be denied.

## BACKGROUND

On April 9, 2008, CTF Warden Curry issued a memorandum to all staff and inmates reiterating the facility's policy regarding inmate property and Article 43. In relevant part, the memorandum stated that the quantity of inmate property was limited to six cubic feet and one cubic foot of legal mail.

On May 8, 2008, petitioner was issued an information chrono notifying him that he had two weeks to comply with Article 43 or "[c]ustody staff will take necessary action to bring your property into compliance and you will receive a serious disciplinary action."

On June 1, 2008, petitioner was issued a Rules Violation Report (RVR) for a violation of California Code of Regulations (CCR) section 3005(b) for failure to comply.

On June 11, 2008, petitioner received a hearing on the RVR and was found guilty of a Division "F" serious offense for failure to comply. He was assessed 30 days of time credit.

On March 17, 2009, petitioner filed a petition for writ of habeas corpus in Monterey County Superior Court challenging the June 2008 disciplinary proceedings.

On April 22, 2009, the superior court denied the petition in a reasoned opinion. After the California Court of Appeal and Supreme Court of California summarily denied relief on September 22 and December 17, 2009, respectively, the instant federal petition followed.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

2

1  "[A] federal habeas court may not issue the writ simply because the court concludes in
2  its independent judgment that the relevant state-court decision applied clearly established
3  federal law erroneously or incorrectly. Rather, that application must also be unreasonable."
4  Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask
5  whether the state court's application of clearly established federal law was "objectively
6  unreasonable." Id. at 409.

7  The only definitive source of clearly established federal law under § 2254(d) is in the
8  holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court
9  decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit
10 law may be "persuasive authority" for purposes of determining whether a state court decision
11 is an unreasonable application of Supreme Court precedent, only the Supreme Court's
12 holdings are binding on the state courts and only those holdings need be "reasonably"
13 applied. Id.

14  B.   Analysis

15  Petitioner claims that the June 11, 2008 disciplinary finding that resulted in the
16 forfeiture of 30 days of time credit violated his federal due process rights.

17  As an initial matter, respondent argues that petitioner, who is serving an indeterminate
18 sentence of 25 years to life with the possibility of parole, has failed to invoke habeas
19 jurisdiction because, although he lost 30 days credit as a result of the challenged disciplinary
20 finding, the forfeiture will not inevitably affect the duration of his sentence. But under the
21 law of the circuit, habeas jurisdiction exists where "a petitioner seeks expungement of a
22 disciplinary finding from his record" and "expungement is likely to accelerate the prisoner's
23 eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).[1]

24  The rationale of Bostic compels this court to conclude that the relief petitioner seeks
25 here – expungement of a serious disciplinary finding of failure to comply – is available under

---

[1] Although subsequent circuit cases appeared to conflict with Bostic, the Ninth Circuit more recently reconciled its precedents and reaffirmed Bostic's holding. See Docken v. Chase, 393 F.3d 1024, 1029-31 (9th Cir. 2004).

3

the federal habeas statute.  In California, a prisoner's negative disciplinary record is one of the factors upon which the state may find a prisoner unsuitable for parole.  See Cal. Code Regs. tit. 15, § 2402(b).  The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in serious misconduct in prison or jail."  Id. § 2402(c)(6).  A disciplinary finding that results in loss of time credits is considered serious.  See id. §§ 3313(a), 3315(f)(3), 3323(b)-(h).  The disciplinary finding in petitioner's file that he failed to comply with staff orders and was assessed 30 days of time credits constitutes a serious disciplinary finding that "will almost certainly come back to haunt him when the parole board reviews his suitability for parole."  Drake v. Felker, No. 07-cv-0577 (JKS), 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007).  If petitioner prevails on the merits here, the serious disciplinary finding "will be expunged and will cease to provide an obstacle to a favorable parole decision."  Id.  Or, in terms of Bostic, "the expungement of the serious disciplinary finding will 'likely . . . accelerate [petitioner's] eligibility for parole.'" Oberpriller v. Grounds, No. C 09-5531 CRB (PR), slip op. at 3 (N.D. Cal. July 14, 2010) (quoting Bostic, 884 F.2d at 1269).[2]  Petitioner is entitled to federal habeas review of his claim that the June 11, 2008 disciplinary finding that resulted in the forfeiture of 30 days of time credit violated his federal due process rights.

Under well-established Supreme Court precedent, the process due in a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).  In addition, the findings of the prison disciplinary decision-maker must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).  There must be "some evidence" from

---

[2]The same could not be said if petitioner was seeking expungement of a counseling chrono for minor misconduct rather than of a disciplinary finding for serious misconduct.  See Oberpriller v. Noll, No. C 09-5215 CRB (PR), slip op. at 2 (N.D. Cal. Dec. 7, 2009) (that counseling chrono for minor misconduct may affect possible release on parole too attenuated to justify habeas jurisdiction).

4

1  which the conclusion of the decision-maker could be deduced.  Id. at 455.  An examination
2  of the entire record is not required nor is an independent assessment of the credibility of
3  witnesses or weighing of the evidence.  Id.  The relevant question is whether there is any
4  evidence in the record that could support the conclusion reached by the disciplinary decision-
5  maker.  Id.

6        Petitioner does not argue that he was denied due process because he was denied any of
7  the procedural protections set out in Wolff; rather, he argues that he was denied due process
8  because the serious disciplinary finding of failure to comply is not supported by the evidence.
9  He also argues that prison officials failed to use progressive discipline as outlined in Warden
10  Curry's April 9, 2008 memorandum.  Petitioner's due process claim is without merit.

11        The Monterey County Superior Court reviewed the evidence in the record and
12  concluded that "[t]he hearing officer's finding that Petitioner was guilty of a violation of
13  CCR § 3005(b), for the specific act of failure to comply, is supported by some evidence in
14  the record."  In re Cleveland, No. HC 6562, slip op. at 4 (Cal. Super. Ct. Apr. 22, 2009)
15  (Answer Ex. 2).  It also found that "the classification of the RVR as a serious rule violation
16  and the assessment of a 30-day credit forfeiture consistent with a Division 'F' offense,
17  pursuant to CCR § 3323, is supported by some evidence in the record."  Id.

18        The state court's rejection of petitioner's insufficient evidence claim was not contrary
19  to, or involved an unreasonable application of, clearly established Supreme Court precedent,
20  or was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  The
21  evidence at the disciplinary hearing – petitioner was issued an information chrono instructing
22  him to come into compliance with inmate property limits because he was well in excess of
23  the six cubic feet of personal property and one cubic foot of legal materials allowed; the
24  chrono warned petitioner that failure to comply within two weeks would result in serious
25  disciplinary action; and, after 24 days elapsed, petitioner was issued a RVR for failure to
26  comply – constitutes "some evidence" from which the hearing officer could conclude that
27  petitioner was guilty of the disciplinary charge of failure to comply.  See Hill, 472 U.S. at
28

5

455.³ And, as the superior court noted, "some evidence" supports the decision to find petitioner guilty of a serious rule violation because the evidence noted above (as well as the evidence presented at the hearing that petitioner's excessive property posed a potential fire hazard) also supports a finding that petitioner's conduct constituted a breach of or hazard to facility security. See In re Cleveland, slip op. at 4 (noting that under CCR § 3315(a)(2)(B), conduct that causes or attempts to cause a breach of or hazard to facility security is a serious rule violation). Petitioner is not entitled to federal habeas relief on his insufficient evidence claim because the state courts' rejection of the claim was not objectively unreasonable. See Williams, 529 U.S. at 409.

Nor is petitioner entitled to federal habeas relief on his state law claim that prison officials failed to use progressive discipline as outlined in Warden Curry's April 9, 2008 memorandum. The Monterey County Superior Court rejected the claim on the ground that "the disciplinary methods set forth in CCR § 3312 constitute the options available to [the California Department of Corrections and Rehabilitation (CDCR)], and not a required progressive disciplinary procedure to be followed as to each act of misconduct." In re Cleveland, slip op. at 3.⁴ This court is bound on federal habeas review by the superior court's interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, bind a federal court sitting in habeas").

/
/

---

³Petitioner argued at the disciplinary hearing that his work hours prevented him from complying with the property limit regulation. But the hearing officer found that 24 days was ample time and that petitioner had had no problem complying after he received the RVR. It is not this court's role to reassess the credibility of petitioner's testimony at the hearing or to reweigh the evidence. See Hill, 472 U.S. at 455; see also Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994) (reviewing federal habeas court should not "reweigh the evidence" considered by the disciplinary or parole board).

⁴The superior court also noted that the warden's April 9, 2008 memorandum "does not state that progressive discipline will be implemented . . . for a failure to comply." In re Cleveland, slip op. at 2 n.1.

6

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: Nov. 4, 2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Cleveland, C1. denial.wpd